IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RONALD LEE PHILLIPS,

        Petitioner,

v.                                                  Civil Action No. 5:07CV165
                                                     Criminal Action No. 5:07CR19
UNITED STATES OF AMERICA,         (JUDGE STAMP)

        Respondent.

## REPORT AND RECOMMENDATION
## THAT §2255 MOTION BE DENIED

### I. INTRODUCTION

On December 18, 2007, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] Petitioner filed a Supplement to Motion to Vacate Under 28 U.S.C. § 2255 on March 4, 2008.[2] On May 30, 2008, the Court ordered the Government to respond to petitioner's Motion Under 28 U.S.C. § 2255.[3] The Government filed a Motion for Extension of Time to File a Response on June 23, 2008,[4] which was granted by the Court on June 24, 2008.[5] The Government filed its Response on July

---

[1] Docket No. 35

[2] Docket No. 36

[3] Docket No. 37

[4] Docket No. 40

[5] Docket No. 41

10, 2008.⁶  Petitioner filed a Reply to Response on July 21, 2008.⁷

## II. FACTS

**A.     Conviction and Sentence**

Petitioner was the only defendant named in a five count indictment filed on April 3, 2007 in the United States District Court, Northern District of West Virginia.  Petitioner was charged in counts 1, 3, 4, and 5 with being a Felon in Possession of a Firearm in violation of Title 18, United States Code,  Sections 922(g)(1) and 924(a)(2).  Petitioner was charged in Count 2 with Possession of Stolen Firearms in violation of Title 18, United States Code, Sections 922(j) and 924(a)(2).

On May 14, 2007, petitioner entered his plea in open court, without a plea agreement. Petitioner was 41 years old and has a GED.  (Plea transcript p. 4).  The Court advised petitioner of the potential sentencing exposure he faced by entering a plea of guilty, and that no one could know the exact sentence until the Pre sentence report was completed.  (Id. at 9 - 13.)  Petitioner indicated that he understood.  (Id. at 13).  The Court then reviewed all of the rights petitioner was giving up by pleading guilty.  (Id. at 13 - 16). The Court asked petitioner if he fully understood the consequences of entering a guilty plea. (Id. at 16-17).  Petitioner stated that he did.  (Id. at 17).

During the plea hearing, the Government presented the testimony of James E. Sirbaugh, Special Agent for the Bureau of Alcohol, Tobacco and Firearms, to establish a factual basis for the plea. (Id. at 17 - 28).  Petitioner's counsel then cross-examined Special Agent Sirbaugh.  (Id.

---

⁶Docket No. 42

⁷Docket No. 43

at 28 - 31).

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Counts 1, 2, 3, 4, and 5. (Id. at 32 - 33). The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id. at 33). The petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (Id. at 33 - 34). Finally, petitioner said he was in fact guilty of the crimes to which he was pleading guilty. (Id. at 34).

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of the crime were established beyond a reasonable doubt. (Id. at 34 - 35). The petitioner did not object to the Court's finding.

A Pre-Sentence Investigation Report was conducted by the United States Probation Office, and on July 9, 2007, petitioner appeared before the Court for sentencing. Neither party filed objections to the pre-sentence report. (Sentencing transcript p. 4). Petitioner did not file a motion for departure or variance from the Probation Office's recommendation. (Id. at 6). Petitioner's counsel did, however, argue orally for departure or variance. (Id. at 12-7). Nevertheless, after considering several factors, including the circumstances of both the crime and the defendant and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 46 months imprisonment.

**B.    Appeal**

Petitioner did not pursue a direct appeal.

**C.    Federal Habeas Corpus**

The petitioner contends that his counsel rendered ineffective assistance in failing to:

(1) argue that petitioner's criminal history points were improperly calculated because a Court cannot attribute: (a) one point for a state conviction of "attempt to possess marijuana" and (b) one point for a conviction for possession of a concealed weapon and open container;

(2) recommend that petitioner plead guilty by way of the first proposed plea agreement.

The Government contends that petitioner's Motion Under 28 U.S.C. § 2255 lacks substantive merit because:

(1) petitioner's criminal history points were properly calculated within the United States Sentencing Guidelines;

(2) petitioner's allegations do not reveal any error by counsel;

(3) although petitioner pleaded guilty without a plea agreement, neither proposed plea agreement directly addressed petitioner's criminal history;

(4) petitioner fails to establish that he received bad advice;

(5) petitioner fails to demonstrate that he was prejudiced.

In his Reply, the petitioner reasserts his original positions and also asserts that his prior state convictions were obtained without the assistance of counsel, and that counel was ineffective for not arguing this. Petitioner also maintains that he pleaded without a plea agreement so that he could appeal the case, but did not appeal the case because "there [was] no issue at hand for defendant to raise on appeal." Furthermore, petitioner asks the court to "hold an evidentiary hearing to determine whether or not petitioner would have accepted the plea offer."

4

D.  **Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the docket because petitioner's claims are without merit.

### III. ANALYSIS

A.  **Petitioner's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va. Jan. 4, 2006).

B.  **Procedural Default**

The Court finds petitioner is not procedurally barred from raising claims of ineffective assistance of counsel in his present § 2255 motion. It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a

5

"cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

## C. Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are measured under a two-part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90. Second, the petitioner must demonstrate he was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

Following is a discussion of each of petitioner's ineffective assistance of counsel claims.

### 1. Claim 1(a) - Whether Counsel Rendered Ineffective Assistance In Failing to Argue that a Court Cannot Attribute One Point to Petitioner's Criminal History Category for a State Conviction of "Attempt to Possess Marijuana."

Petitioner argues that the Court erroneously applied U.S.S.G. § 4A1.2(e)(2).

6

Specifically, petitioner argues that the one criminal history point that he received in connection with a previous state conviction for "Attempt to Possess Marijuana" is not attributable to his federal sentence because it falls outside of the 10 years contemplated by U.S.S.G. § 4A1.2(e)(2). For support, petitioner notes that he pleaded guilty and was sentenced on the state charge on May 9, 1997 to six months in jail, to be served alternatively through house arrest, and that he was sentenced in federal court in July of 2007, which would be longer than 10 years.

Petitioner however, is mistaken on the application of the United States Sentencing Guidelines. Because it appears that the petitioner's entire sentence of incarceration was suspended in favor of house arrest, U.S.S.G. § 4A1.2(a)(3) applies. Under U.S.S.G. § 4A1.2(a)(3) a suspended or stayed sentence of incarceration qualifies as a "prior sentence" under U.S.S.G. § 4A1.1(c), and merits the allocation of one criminal history point. Additionally it should be noted that U.S.S.G. § 4A1.2(c) states that, generally, misdemeanor convictions are counted as prior sentences.

Additionally, the sentencing Court must determine if a defendant's prior sentence is sufficiently recent to be considered under the sentencing guidelines. Because the sentence imposed on petitioner's "Attempt to Possess Marijuana" conviction was for a period of incarceration less than 12 months and one day, the applicable section of the United States Sentencing Guidelines is 4A1.2(e)(2)("Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted").

Counts One and Two of the Indictment, to which petitioner pleaded guilty, clearly reference the commencement date of the offense as September 14, 2006. Therefore, if petitioner was sentenced on May 9, 1997 for "Attempt to Possess Marijuana," and committed two of the

7

instant federal offenses on or about September 14, 2006, the prior sentence was within ten years of the commencement of the instant offense.

Because there appears to be no error in the Court's calculation, counsel cannot be considered ineffective for not arguing a meritless issue. Accordingly, petitioner's claim fails.

2. **Claim 1(b) - Whether Counsel Rendered Ineffective Assistance in Failing to Argue that a Court Cannot Attribute One Point to Petitioner's Criminal History Category for a State Conviction of Possession of a "Concealed Weapon" and "Open Container."**

Petitioner argues that the one criminal history point that was attributed to him for a prior conviction for Possession of a "Concealed Weapon" and an "Open Container" is improper because, as he reads the Sentencing Guidelines, a prior sentence must include a term of incarceration in order to qualify, and petitioner was not incarcerated for these state convictions.

United States Sentencing Guidelines Section 4A1.1 is used to determine a defendant's criminal history category. Section 4A1.1(a) adds three points for "each prior sentence of imprisonment exceeding one year and one month." Section 4A1.1(b) adds two points for" each prior sentence of imprisonment of at least sixty days not counted in (a)." Section 4A1.1(c) states: "Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item." Unlike, Section 4A1.1(a) and (b) which contemplates a "prior sentence of imprisonment," Section 4A1.1(c) contemplates only "prior sentence[s]." Accordingly, United States Sentencing Guideline, Section 4A1.2(a)(1) defines prior sentence as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nol contendere, for conduct not part of the instant offense." The definition says nothing which would indicate that a prior sentence must include a term of incarceration in order to qualify for the allocation of criminal history points. See United States v. O'Brien, 133 F.3d 919, 1998 WL

8

20700 at *3 (C.A.4 (W.Va.)(finding that one criminal history point may be awarded for sentences, including fines).

Here, petitioner pleaded no contest to the "Concealed Weapon" and "Open Container" charges and was assessed a fine and costs on each count, therefore, petitioner's criminal history points were properly calculated by applying U.S.S.G. § 4A1.1(c). Additionally, in accordance with U.S.S.G. § 4A1.2(a)(1), (which defines a sentence based upon adjudication of guilt), and United States v. O'Brien (finding that a criminal history point can be attributed for fines impose as sentences), the fact that petitioner was not incarcerated is immaterial. Therefore, counsel cannot be faulted for failing to raise a claim that lacks merit.

Furthermore, to the extent that petitioner suggests that his criminal history point should not be attributable because the "Concealed Weapon" and "Open Container" charges were local ordinances, disposed of by Weirton Municipal Court, and therefore cannot be counted under the Guidelines, petitioner is mistaken. While U.S.S.G § 4A1.2(c)(2) does state that sentences for local ordinance violations are never counted, the same section also excepts those local ordinance violations that are also violations under the state criminal code. In short, if the local ordinance violated is also a recognized violation under state criminal, a criminal history point can be attributed. In the State of West Virginia, a "Concealed Weapon" violation and an "Open Container" violation are violations of the West Virginia Criminal Code (Carrying deadly weapon without license or other authorization; penalties. W. Va. Code Ann. § 61-7-3 (2005) and Intoxication or drinking in public places; illegal possession of alcoholic liquor; arrest by sheriffs or their deputies for violation in their presence; penalties. W. Va. Code Ann. §60-6-9 (2005)). Therefore, petitioner's local sentences are also recognized by state law and appropriately

attributable for criminal history calculation under U.S.S.G. 4A1.2(c)(2).

      **3.**      **Claim 2 - Whether Counsel Rendered Ineffective Assistance in Failing to Recommend that Petitioner Plead Guilty via the First Proposed Plea Agreement**

Petitioner contends that his counsel gave "very very bad advice" in recommending that petitioner not accept the plea agreements, especially the first proposed plea agreement. Petitioner maintains that looking back at the plea agreements, the offers appear better than pleading "straight up." Petitioner contends that counsel recommended not taking the plea agreements because petitioner would waive his right to appeal. Petitioner also contends that he pleaded without a plea agreement so that he could appeal the case, but did not appeal the case because "there [was] no issue at hand for defendant to raise on appeal." Finally, petitioner contends that he has demonstrated ineffective assistance of counsel because advising against a plea agreement is deficient counseling, and prejudice is demonstrated because "counsel did everything he could possible [sic] do to prejudice."

Within the Fourth Circuit, a defendant's counsel has the following duty surrounding plea negotiations: "1) notify the client of a plea offer; 2) advise the client of the option to proceed to trial; 3) present the client with the probable outcomes of both the guilty and sentencing phases of each alternative; and 4) permit the client to make the ultimate decision." Jones v. United States, 2008 U.S. Dist. LEXIS 24908 at *7, (D. Md. Mar. 28, 2008), relying on Jones v. Murray, 947 F.2d 1106, 1110-1111 (4th Cir. 1991).

The Court finds that petitioner's claim is without merit. Apparently, petitioner now has a different view of the circumstances surrounding his guilty plea. While under oath at the plea hearing, petitioner stated that the guilty plea was not the result of any promise or inducement,

10

that he understood the consequences of pleading guilty, and that he made the choice of his own free will. (Sentencing transcript p. 33). The Court found petitioner competent to make a guilty plea. (Id. at 34). Furthermore, petitioner indicated that his counsel did a good job representing him and left nothing undone. (Id. at 33 - 34). These statements under oath combined with the Court's finding demonstrate that the ultimate decision to plead guilty was of petitioner's own free will.

The petitioner also seems to suggest that he would have received a lighter sentence if he would have pleaded guilty with a signed plea agreement. While the government often will make *non-binding* recommendations on sentencing when a criminal defendant signs a plea agreement, the recommendations are, in fact, *non-binding*. Petitioner fails to acknowledge this. There is no indication that the Court would have granted petitioner a lighter sentence, just because he pleaded guilty with a signed plea agreement.

Moreover, petitioner does not demonstrate any prejudice other than his conclusory statement that his "counsel did everything he could possible [sic] do to prejudice." Petitioner does not contend that he would have gone to trial, but for counsel's advice. Petitioner does not contend that he is innocent. Petitioner simply asserts that, if he could restart the criminal proceedings against him, he would not have taken his counsel's advice and would have pleaded guilty with a plea agreement. The Court takes an alternate view, finding that the sentence for being a felon in possession of a firearm is a long one, as Congress intended. Petitioner received a longer sentence than he would have liked, and now wishes to have a chance to re-negotiate a plea agreement. That time has passed, petitioner made a knowing choice to plead guilty without a plea agreement, and unlike little-league, petitioner is not entitled to a do-over.

### 4. Claim 3 - Whether Counsel Rendered Ineffective Assistance in Failing to Argue that Petitioner's Criminal History Category was Improperly Calculated Because the Previous State Convictions were Obtained without the Assistance of Counsel.

In petitioner's Reply, petitioner contends that one of his state convictions was obtained without the assistance of counsel and as a result, the Court erroneously assigned him criminal history points. The petitioner, again, folds this issue into ineffective assistance of counsel, claiming that his counsel did not pursue the issue.

The general rule, with one narrow exception, is that prior state convictions may not be challenged in a federal sentencing proceeding. See, e.g. Custis v. United States, 511 U.S. 485, 496-497 (1994); United States v. Zuberi Muata Hondo, 336 F.3d 363, 365-366 (4th Cir. 2004); and United States v. Bacon, 94 F.3d 158, 161-163 (4th Cir. 1996). Following the Supreme Court ruling in Custis, 511 U.S. at 496, the sole exception to this rule is where the state conviction "was obtained in the absence of counsel." Bacon, 94 F.3d at 162. Accord Hondo, 366 F.3d at 365.

State convictions in the absence of counsel may be counted only if the right to counsel has been waived. See Hondo, 366 F. 3d at 365-366. Whether a defendant's right to counsel was properly waived in a prior state proceeding is a question of law reviewed by the Fourth Circuit de novo. Id. at 365.

Where a challenge to a prior state conviction is allowed, the defendant bears the burden of showing its invalidity. United States v. Jones, 977 F.2d 105 (4th Cir. 1992); United States v. Davenport, 884 F.2d 121 (4th Cir. 1989). Accord Parke v. Raley, 506 U.S. 20 (1992) (presumption of regularity attached to final judgments makes it proper that defendant have burden of showing invalidity); and Untied States v. Collins, 415 F.3d 304, 315-317 (4th Cir.

2005)(same).

Rather than challenging a state conviction in a federal sentencing or direct appeal, state post conviction remedies should ordinarily be pursued initially. If successful in the state proceedings, "the defendant may then apply [in a 28 U.S.C. § 2255 proceeding] for reopening of his federal sentence." Daniels v. United States, 532 U.S. 374, 382 (2001).

The Court finds that petitioner's claim lacks substantive merit. Petitioner does not mention whether he waived counsel during one of his state convictions. Petitioner does not assert that he previously challenged his state convictions, or the results, if any. Petitioner does nothing more than make a conclusory statement that a state conviction was obtained without the aid of counsel and therefore cannot be used in federal sentencing calculations. Accordingly, because petitioner has the burden of demonstrating the invalidity of a prior state conviction and because of the presumption of regularity attached to final judgments, this Court finds that petitioner's unsubstantiated conclusory statements do not meet the burden.

Furthermore, because petitioner wove his claim into a claim of ineffective assistance of counsel, petitioner also has the burden of demonstrating counsel's deficient performance and how petitioner was prejudiced. Because petitioner cannot establish the underlying claim, petitioner cannot establish that counsel was deficient or that petitioner was prejudiced by counsel's failure to pursue the issue.

## IV. OTHER MATTERS

In Petitioner's Reply, he asks the Court to "hold an evidentiary hearing to determine whether or not Petitioner would have accepted the plea offer." Petitioner's request is denied as moot.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's §2255 motion be **DENIED** and dismissed from the docket.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: July 31, 2008

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE