IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


RONALD LEE PHILLIPS,

      Petitioner,

v.                                          Civil Action No. 5:07CV165
                                            (Criminal Action No. 5:07CR19)
UNITED STATES OF AMERICA,                                        (STAMP)

      Respondent.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The pro se[1] petitioner, Ronald Lee Phillips, filed a petition
under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by
a person in federal custody.  Pursuant to 28 U.S.C. §§ 636(b)(1)(A)
and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et
seq., this case was referred to United States Magistrate Judge
James E. Seibert for an initial review and for a report and
recommendation on disposition of this matter.  In response to an
order to show cause, the respondent filed a response to the
petitioner's § 2255 petition to which the petitioner replied.

Based on a review of the record and the applicable law,
Magistrate Judge Seibert issued a report and recommendation
recommending that the petitioner's § 2255 petition be denied and
dismissed.  The magistrate judge advised the parties that, pursuant

---

[1]"Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer.  Black's Law
Dictionary 1237 (7th ed. 1999).

to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The time for objections has now passed, and no objections have been filed to date. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II.  Facts

On May 14, 2007, the petitioner pled guilty, without a plea agreement, to all five counts of a five-count indictment. Specifically, the petitioner pled guilty to Counts One, Three, Four and Five, charging the petitioner with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), as well as Count Two, charging the petitioner with possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2).

On July 9, 2007, the petitioner was sentenced to forty-six months of imprisonment. The petitioner did not file a direct appeal, but instead filed this § 2255 petition, alleging ineffective assistance of counsel.

## III.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld

unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the parties have not filed objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

## IV. Discussion

In his motion, the petitioner claims that he is entitled to relief under § 2255 because he received ineffective assistance of counsel during the criminal proceedings against him. The petitioner argues that: his counsel failed (1) to argue that a court cannot attribute one point to the petitioner's criminal history category for a state conviction of "attempt to possess marijuana"; (2) to argue that a court cannot attribute one point to the petitioner's criminal history category for a state conviction of possession of a "concealed weapon" and "open container"; (3) to recommend that the petitioner plead guilty by way of the first proposed plea agreement; and (4) to argue that the petitioner's criminal history category was improperly calculated because his previous state convictions were obtained without the assistance of counsel.

This Court finds that the petitioner has failed to establish a right to an amended sentence or new trial based upon ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance fell below an objective standard and that the defendant was prejudiced by counsel's performance. See Strickland v. Washington,

3

466 U.S. 668, 687 (1984). This Court will address each of the petitioner's arguments regarding ineffective assistance of counsel in turn.

A. Claim 1[2]

In this first claim, the petitioner argues that counsel rendered ineffective assistance by failing to argue that a court cannot attribute one point to the petitioner's criminal history category for a state conviction of attempt to possess marijuana. Specifically, the petitioner contends that the one criminal history point that he received for the previous state conviction should not have been considered in determining his federal sentence because it occurred outside of the ten-year period contemplated by U.S.S.G. § 4A1.2(e)(2).[3]

The magistrate judge found that this claim lacked merit because the petitioner misapplied the applicable sentencing guidelines. Indeed, the magistrate judge found that because the petitioner's entire state-imposed period of incarceration was suspended in favor of house arrest, U.S.S.G. § 4A1.2(a)(3), which states the following, applied: "A conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)."

_____

[2]This claim is designated as Claim 1(a) in the magistrate judge's report and recommendation. For clarity purposes, this Court will number and discuss the petitioner's claims separately.

[3]The petitioner claims that he was sentenced on the state charge on May 9, 1997, and was not sentenced in federal court until July 2007, which would be longer than ten years.

4

Accordingly, the magistrate judge held that the petitioner's prior sentence for attempt to possess marijuana qualified as a prior sentence under U.S.S.G. § 4A1.1(c) and warranted the assignment of one criminal history point.

Moreover, the magistrate judge noted that Counts One and Two of the indictment, to which the petitioner pled guilty, referenced the date of the offense as September 14, 2006. Thus, even if the petitioner was sentenced on his state charge for attempt to possess marijuana on May 9, 1997, he committed two of the federal offenses in this action on or about September 14, 2006, making the state charge within ten years of the commencement of the instant offense. See U.S.S.G. § 4A1.2(e)(2) ("Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.").

For these reasons, and because the calculation of the criminal history category appeared to contain no error, the magistrate judge found that counsel could not be considered ineffective for failing to argue a meritless issue. This Court agrees and finds no clear error in the magistrate judge's report and recommendation on Claim 1. Accordingly, the petitioner's claim must fail.

B.    Claim 2[4]

As his second ground for relief, the petitioner claims that he should not have been attributed one criminal history point for a

---

[4]This claim is designated as Claim 1(b) in the magistrate judge's report and recommendation.

prior conviction for possession of a concealed weapon and an open container because, as he understands the sentencing guidelines, a prior sentence must include a term of incarceration in order to qualify, and the petitioner was not incarcerated for these convictions.

This Court disagrees with the petitioner's contentions. Section 4A1.1(a) of the sentencing guidelines adds three points for "each prior sentence of imprisonment exceeding one year and one month." Section 4A1.1(b) adds two points for "each prior sentence of imprisonment of at least sixty days not counted in (a)." Finally, section 4A1.1(c) states, "Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item." Accordingly, while sections 4A1.1(a) and (b) contemplate a "prior sentence of imprisonment," section 4A1.1(c) includes only "prior sentence[s]." A "prior sentence" is defined as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). A prior sentence need not include a term of imprisonment to qualify for the allocation of criminal history points. See United States v. O'Brien, 133 F.3d 919, 1998 WL 20700 at *3 (C.A. 4 (W. Va.)). In this case, the petitioner pled no contest to the concealed weapon and open container charges and was assessed only a fine and costs on each count. Thus, pursuant to U.S.S.G. § 4A1.1(c), the petitioner's criminal history points were properly calculated.

Furthermore, to the extent the petitioner suggests that his criminal history point for the concealed weapon and open container charges should not be attributable to his federal sentence because they were local ordinances disposed of by Weirton Municipal Court, and, therefore, not subject to assessment under the sentencing guidelines, the petitioner is mistaken. As the magistrate judge stated in his report and recommendation, although U.S.S.G. § 4A1.2(c)(2) mentions that sentences for prior offenses of local ordinance violations are never counted in assessing criminal history points, that same section recognizes that if the local ordinance violated is also a violation under state criminal law, a criminal history point can be attributed. In this case, the State of West Virginia recognizes the petitioner's concealed weapon and open container violations under the state criminal code. See W. Va. Code Ann. § 61-7-3 (2005) (carrying deadly weapon without license or other authorization; penalties); W. Va. Code Ann. § 60-6-9 (2005) (intoxication or drinking in public places; illegal possession of alcoholic liquor; arrest by sheriffs or their deputies for violation in their presence; penalties). Accordingly, this Court finds no clear error in the magistrate judge's recommendation that the petitioner's criminal history calculation was properly attributed under U.S.S.G. § 4A1.2(c)(2).

C.    Claim 3[5]

In this claim, the petitioner contends that his counsel was ineffective because counsel gave "very very bad advice" in recommending that the petitioner reject the Government's proposed plea agreements.    The petitioner contends that advice to reject a plea agreement constitutes deficient counseling and that he has demonstrated prejudice because "counsel did everything he could possible [sic] do to prejudice."    The magistrate judge determined that this claim is baseless.

Under the law of the Fourth Circuit, defense counsel must undertake the following duties during plea negotiations: "(1) notify the client of a plea offer; (2) advise the client of the option to proceed to trial; (3) present the client with the probable outcomes of both the guilt and sentencing phases of each alternative; and (4) permit the client to make the ultimate decision."    Jones v. United States, 2008 U.S. Dist. LEXIS 24908, at *7 (D. Md. March 28, 2008) (citing Jones v. Murray, 947 F.2d 1106, 1110-1111 (4th Cir. 1991)).

This Court agrees with the magistrate judge that the petitioner's claim lacks merit.    While under oath at the plea hearing, the petitioner stated that his guilty plea was not the result of any promise or inducement, that he understood the consequences of pleading guilty, and that he made the choice on his

_____

[5]This claim is designated as Claim 2 in the magistrate judge's report and recommendation.

8

own free will. The court found the petitioner competent to enter his plea of guilty. Moreover, the petitioner indicated that his counsel did a fine job representing him. These statements represent to this Court that the petitioner's guilty plea was of his own free will, and not that of his counsel.

The petitioner also suggests in his § 2255 petition that he would have received a lighter sentence if he had pled guilty by way of a signed plea agreement. The petitioner fails to acknowledge, however, that the government often makes only <u>non-binding recommendations</u>, and there is simply no indication that the petitioner would have received a lighter sentence had he entered into a signed plea agreement.

Finally, this Court notes that the petitioner fails to demonstrate any prejudice. Rather, the petitioner simply asserts that if he could begin anew the criminal proceedings against him, he would have ignored his counsel's advice and accepted a plea agreement. Nonetheless, as noted by the magistrate judge, the petitioner made a knowing choice to plead guilty without a plea agreement, and, having entered his plea of guilty without a plea agreement, he is not entitled to revisit that decision. Thus, this Court finds no clear error in the magistrate judge's recommendation that this claim is meritless.[6]

---

[6]In his reply brief, the petitioner requests that this Court "hold an evidentiary hearing to determine whether or not petitioner would have accepted the plea offer." Because of the foregoing analysis, the petitioner's request is DENIED AS MOOT.

D.  Claim 4[7]

As his final claim, the petitioner contends that he received ineffective assistance of counsel when counsel failed to argue that the petitioner's criminal history category was improperly calculated because his previous state convictions were obtained without the assistance of counsel.  The magistrate judge found this claim to lack merit.

In <u>Custis v. United States</u>, 511 U.S. 485, 496-97 (1994), the Supreme Court held that a federal defendant may not challenge a prior state conviction used to enhance his federal sentence unless the prior conviction was obtained in the absence of counsel.  <u>See also</u> <u>United States v. Bacon</u>, 94 F.3d 158, 163-63 (4th Cir. 1996).  Only if the right to counsel has been waived may state convictions in the absence of counsel be counted.  <u>United States v. Zuberi Muata Hondo</u>, 336 F.3d 363, 365-66 (4th Cir. 2004).

When a challenge to a prior state conviction is allowed, the defendant bears the burden of showing its invalidity.  <u>United States v. Jones</u>, 977 F.2d 105 (4th Cir. 1992).  Rather than challenge a state conviction in a federal sentencing proceeding or on direct appeal, however, a defendant must first ordinarily pursue state post conviction remedies.  Then, if successful in the state proceedings, "the defendant may . . . apply for reopening of his

---

[7]This claim is designated as Claim 3 in the magistrate judge's report and recommendation.

federal sentence" in a § 2255 proceeding. <u>Daniels v. United States</u>, 532 U.S. 374, 382 (2001).

Here, the petitioner fails to mention whether he waived counsel during his state convictions or whether he previously challenged his state convictions. Instead, the petitioner states only that his state conviction was obtained without counsel, and therefore, it cannot be used in federal sentencing calculations. The petitioner, however, has not met his burden of demonstrating the invalidity of a prior state conviction. Furthermore, because he is unable to establish the underlying claim, the petitioner cannot prove that counsel's alleged deficient performance prejudiced the petitioner. Thus, this Court finds no clear error in the magistrate judge's recommendation to dismiss this claim as meritless.

## V. <u>Conclusion</u>

Because the petitioner has not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2255 petition is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to

the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court. <u>See</u> 18 U.S.C. § 636(b)(1); <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 28, 2009


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE